IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| SELVIN HIBBERT, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-1065-M |
| | ) | |
| MARVIN VAUGHN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, represented by counsel, is a state prisoner who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the petition was promptly examined. Based upon that examination, the undersigned entered an order on October 15, 2010, directing the Petitioner to show cause why this action should not be dismissed due to his apparent failure to exhaust available state court remedies. Petitioner has responded to the show cause order, and it is hereby recommended that the action be dismissed on filing.

By this action, Petitioner is challenging his conviction pursuant to a plea of guilty to a charge of trafficking illegal drugs, for which he received a sentence of four years imprisonment. Petition, 1. Case No. CF-2006-39, District Court of Canadian County (Sept. 30, 2009).[1] Petitioner alleges that he has also brought an application for state post-conviction

---

[1]The undersigned notes that Petitioner alleges a conviction date of September 29, 2010, but the electronic docket for his state criminal case shows a conviction date of September 30, 2009. See

relief that is currently pending in the Canadian County District Court. Petitioner attacks his conviction on three grounds. First, he claims that he did not knowingly, willingly, and voluntarily enter his plea of guilty. Petition, 4. Second, he alleges ineffective assistance of counsel. Id. at 4-5. Third and finally, he claims that counsel failed to attack "several key issues of the case," specifically grounds related to search and seizure. Id. at 5.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4, 6 (1982); Rose v. Lundy, 455 U.S. 509, 516 (1982). In this circuit, a habeas petitioner satisfies the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim[s] presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992). Petitioner's own allegations show that the state district court has not yet had the opportunity to rule on the same claims presented herein, nor has the Oklahoma Court of Criminal Appeals. See Petition, 2-3. Accordingly, Petitioner's application for a federal writ of habeas corpus appears subject to dismissal for failure to exhaust his state court remedies. Indeed, in response to the order to show cause, Petitioner concedes that his state post-

---

Oklahoma State Courts Network, Docket No. CF-2006-39, District Court of Canadian County, http://www.oscn.net/applications/oscn/start.asp?view Type=DOCKETS (accessed Nov 3, 2010). Based on the 2009 date of conviction, Petitioner is cautioned that the limitations period appears to have almost run before he filed his application for state post-conviction relief, and thus, he must promptly file his federal habeas petition after he has exhausted his state court remedies or he might be barred by the one year limitation period.

conviction application is still pending.  Reply of the Petitioner to the Order to Show Cause, 1. He states that he does not object to dismissal of his petition without prejudice so that he can exhaust all state remedies.  <u>Id.</u> at 2.  Accordingly, it is recommended that this action be dismissed without prejudice.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition be dismissed without prejudice due to Petitioner's failure to exhaust his available state court remedies. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 24th, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P.72.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 4th day of November, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE